IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CANADIAN PACIFIC RAILWAY LIMITED, a Corporation of Canada, | ) ) ) | |
| Plaintiff, | ) ) | No. 14 C 6892 |
| v. | ) ) | Judge Robert W. Gettleman |
| LEECO STEEL, LLC, a Limited Liability Company, and MILWAUKEE BULK TERMINALS, LLC, a Limited Liability Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Canadian Pacific Railway Limited ("CP") filed a two-count amended complaint against defendants Leeco Steel, LLC ("Leeco") and Milwaukee Bulk Terminals, LLC ("MBT"), seeking demurrage charges in the amount of $151,834.82. Leeco answered CP's amended complaint and crossclaimed against MBT based on: (1) custom; (2) equitable subrogation; and (3) implied indemnity, asking the court to enter a judgment against MBT for any and all charges Leeco is directed to pay to CP in the event that CP successfully pursues its lawsuit against Leeco.[1] MBT has moved to dismiss Leeco's crossclaim, which, for the reasons discussed below, the court grants without prejudice.

---

[1] Because the crossclaim against MBT included in Leeco's answer to CP's amended complaint is nearly identical to the initial crossclaim it filed in response to CP's original complaint, the court relies on the parties' originally filed briefs in ruling on MBT's motion.

**BACKGROUND**[2]

During 2012 and 2013, plaintiff CP, a rail carrier, transported products for Leeco, a steel plate distributor, through MBT's transloading terminal in Milwaukee, Wisconsin. According to Leeco, "MBT receives and accepts a carrier's rail cars at its [transloading terminal] facility," where MBT is then "responsible for and controls unloading the freight contained within the rail cars." CP alleges that $151,834.82 in demurrage charges were accrued while Leeco's products were being unloaded from its rail cars at MBT's terminal. As explained in the parties' briefs, demurrage charges are imposed by a rail carrier when freight is not loaded or unloaded from the carrier's rail cars within the time specified by the carrier's governing tariffs.[3] CP and Leeco allege that such "bills have always been" sent to MBT and "disputed and/or paid" by MBT. Upon receipt of the bill at issue, MBT claimed that Leeco, as consignee of record, is responsible for the demurrage charges. CP subsequently sued Leeco and MBT, seeking payment of the demurrage charges. Leeco's crossclaim against MBT followed.

**DISCUSSION**

**I.     Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum, L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir.

---

[2] Because Leeco's crossclaim is severely lacking in factual allegations, the following facts, unless otherwise noted, are taken from CP's complaint and are assumed to be true. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

[3] The purpose of demurrage charges is "to encourage the prompt return of freight cars to service so as to guarantee the steady flow of rail freight." CSX Transp. Co. v. Novolog Bucks County, 502 F.3d 247, 258 (3d Cir. 2007), citing Pennsylvania R.R. Co. v. Kittaning Iron & Steel Mfg. Co., 253 U.S. 319, 323 (1920).

2

2004).  The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level."  Id.

This standard demands that a complaint allege more than legal conclusions or "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

## II.     Analysis

MBT argues that Leeco's claims for equitable subrogation and implied indemnity should be dismissed pursuant to Rule 12(b)(6) because such equitable relief "contravene[s] the relief set out in" 49 U.S.C. § 10743, which "specifically provides that the consignee (i.e., Leeco) is responsible for the demurrage charges assessed by Canadian Pacific."  Section 10743(a)(1), entitled "Liability for payment of rates," provides that:

> Liability for payment of rates for transportation for a shipment of property by a shipper or consignor to a consignee other than the shipper or consignor, is determined under this subsection when the transportation is provided by a rail carrier under this part. When the shipper or consignor instructs the rail carrier transporting the property to deliver it to a consignee that is an agent only, not having beneficial title to the property, the consignee is liable for rates billed at the time of delivery for which the consignee is otherwise liable, but not for additional rates that may be found to be due after delivery if the consignee gives written notice to the delivering carrier before delivery of the property—
> (A) of the agency and absence of beneficial title; and
> (B) of the name and address of the beneficial owner of the property if it is reconsigned or diverted to a place other than the place specified in the original bill of lading.

MBT contends that "where a statute already defines the rights of the parties in a

3

particular situation," as § 10743 does, "a court cannot invoke its equitable powers in a way that contravenes the statute." According to MBT, "Leeco cannot simply ignore 49 U.S.C. § 10743, and seek to shift liability elsewhere pursuant to this Court's equitable powers."

Leeco argues that although 49 U.S.C. § 10743 provides a remedy to rail carriers against consignees for accrued freight charges, the statute does not bar other remedies by consignees against third parties. According to Leeco, "it is clear from the plain language of § 17043 that Congress did not expressly abrogate the common law doctrines of equitable subrogation and implied indemnification," because the statute does not "speak directly" to those equitable doctrines. Leeco contends that "[a]lthough under certain circumstances a party designated as consignee on the shipping contract may be held liable for demurrage charges under § 17043, the statute does not prohibit that party from seeking equitable subrogation or indemnity from a third-party that caused the violation to occur." The court agrees.

49 U.S.C. § 10743 controls the imposition of liability for freight charges. It is well established in this circuit that when a rail carrier seeks to impose liability for such fees, including demurrage charges, they, "may be imposed only against a consignor, consignee, or owner of property, or others by statute, contract, or prevailing custom." Evans Prods. Co. v. Interstate Commerce Comm'n, 729 F.2d 1107, 1113 (7th Cir. 1984); see also Illinois Cent. R.R. Co. v. South Tec Dev. Warehouse, Inc., 337 F.3d 813, 820 (7th Cir. 2003). However, while § 10743 may hold consignee Leeco liable to rail carrier CP for the demurrage charges at issue here, it does not preclude Leeco from pursuing an indemnification claim against MBT, the party allegedly responsible for causing the delay and resulting charges.

Nonetheless, the court dismisses Leeco's crossclaim because it fails to "plead[] factual content that allows the court to draw the reasonable inference that the [cross-]defendant is liable

4

for the misconduct alleged." Iqbal, 556 U.S. at 678. In fact, Leeco's crossclaim hardly alleges any facts. Incorporating the jurisdictional allegations and paragraph 10 of CP's complaint, without more, is not sufficient to state a claim upon which relief can be granted. Nor is Leeco's crossclaim cured by the factual allegations included in its response brief. Because a crossclaim must stand on its own, Leeco's failure to allege the facts upon which its claims are based or even incorporate the facts as pled by CP, requires dismissal of its current crossclaim pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Leeco's crossclaim is dismissed without prejudice to file an amended crossclaim on or before April 30, 2015.


**ENTER:** April 16, 2015

_____
**Robert W. Gettleman**
**United States District Judge**